IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61033

SHIRELL LEWIS, an individual,

      Plaintiff,

vs.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, doing business as
"Law Offices of Adam J. Katz, P.A.",
JOHN DOE NO.'s 1-5, unknown individuals,
and JOHN DOE CORPORATIONS NO.'s 1-5,
unknown business entities

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Shirell Lewis, an individual, sues Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," John Doe No.'s 1-5, unknown individuals, and John Doe Corporations No.'s 1-5, unknown business entities, and alleges:

### *INTRODUCTION*

1.    This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551, *et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§1367.

## *ALLEGATIONS AS TO PARTIES*

3. At all times material hereto, Plaintiff, Shirell Lewis ("Ms. Lewis") was *sui juris* and a resident of Hillsborough County, Florida.

4. At all times material hereto, Defendant, Adam Jeffrey Katz, P.A. ("Katz Law Firm") was a Florida professional association doing business in Broward County, Florida under the trade name "Law Offices of Adam J. Katz, P.A."

5. At all times material hereto, Defendants, John Doe. No.'s 1-5 ("Unknown Individuals") and John Doe Corporation No.'s 1-5 (collectively "Unknown Corporations") were unknown individuals and unknown business entities (collectively "Unknown Defendants") whose identities are currently unknown to Plaintiff and who participated in the wrongdoing described below. Upon discovery of the identities of such Unknown Defendants, Ms. Lewis will amend the pleadings to properly name and serve said parties.

6. At all times material hereto, one or more of the Unknown Individuals were the president, manager and control person of Katz Law Firm, and maintained complete authority and control over Katz Law Firm to the extent that Unknown Individuals were the alter ego and mere instrumentality of Katz Law Firm.

7. At all times material hereto, one or more of the Unknown Corporations were business partners or joint ventures of the Katz Law Firm to the extent that the Unknown Corporations have liability for all acts of wrongdoing described below.

8. The Katz Law Firm either directly participated in the wrongful conduct described below or alternatively ratified such activity upon being informed of same.

9. At all times material hereto, Defendants are and were engaged in the collection of consumer debts using mail and telephone communications to debtors.

## *FACTUAL ALLEGATIONS*

10. On January 21, 2018, Ms. Lewis entered into a retail installment sale contract with AutoNation Nissan Brandon ("AutoNation") to finance the purchase of a used 2011 Toyota Camry motor vehicle.

11. In furtherance of the purchase of the motor vehicle, Ms. Lewis paid the sum of $1,000.00 as a down payment and provided AutoNation with a post-dated check in the sum of $3,500.00 ("Deferred Down Payment Check"), the payment of which was to coincide with her student loan income disbursement.

12. Subsequent to the purchase of the vehicle, Ms. Lewis learned that her student loan monies would not be available on the post-dated check date, and she immediately contacted AutoNation to advise of same and learned the post-dated check had been transferred to United Tranzactions, LLC.

13. Ms. Lewis contacted United Tranzactions to explain the delay in the funds availability and was assured by United Tranzactions that United Tranzactions would waive any bank late or overdraft fees.

14. Contrary to the representation of United Tranzactions, Deferred Down Payment Check was deposited resulting in the check return for insufficient funds ("NSF Check") and the imposition of late fees and bank charges ("NSF Check Charges").

15. Subsequent to the transfer of the Deferred Down Payment Check to United Tranzactions, United Tranzactions assigned the Deferred Down Payment Check to Defendants for collection.

16. Starting in March 2019, Defendants began to place repeated telephone calls to Ms. Lewis in an attempt to collect the NSF Check Charges ("Telephone Collection Communications").

17.     Through the Telephone Collection Communications, Defendants made repeated automated calls to the cell phone of Ms. Lewis, including the following automated, pre-recorded call:

> **Lewis. Hello, this message is for Shirell Lewis. If this is Shirell Lewis, press 1. If it is not Shirell Lewis, please press 2 or call us back at (954) 906- 5341. Thank you.**

18.     As part of the Telephone Collection Communications, on April 25, 2018, Defendants called the cell phone of Ms. Lewis and left the following message:

> **Yes, uh, message is for Lewis, Shirell Erica Lewis. Message is for Shirell Erica Lewis. Uh Ms. Lewis, Jerome Kahn   That's my name, Jerome Kahn. Phone number 786-264-7034. I sent out a letter to you. I've also called you a couple of times and left you messages. You've never bothered to return my call – that's unfortunate. Uh you have a matter under Auto Nation and a $3500 worthless check. Check will be filed against your person as uh theft by check in Hillsborough County, uh worthless check you had.  We gotta go forward ASAP.  Uh I was calling to see if you have an attorney to represent you but you never respond, so I guess hiding behind your phone is the way you handle things. Not a problem. You may not respond to me but uh you will be addressing the matter with Hillsborough. Jerome Kahn. Good luck with that decision. 786-264-7034.**

19.     The reference to "theft by check" is a blatant attempt to falsely and deceptively imply to Ms. Lewis, as a least sophisticated consumer, that the Defendants and/or their clients could initiate criminal prosecution when in fact Defendants had neither the intention nor the ability to cause a "criminal proceeding" to be initiated against a consumer such as Ms. Lewis for a dishonored post-dated check.

20.     The reference to "hiding behind your phone" was a purposefully disgrace and shame to Ms. Lewis without good cause or justification.

21.     Defendants are personally guilty of intentional misconduct or gross negligence in the above described activities.  Defendants either had actual knowledge of the wrongdoing of their conduct and a high probability that injury or damage to Ms. Lewis would result and, despite that

knowledge, intentionally pursued that course of conduct resulting in injury or damage, or alternatively, the conduct of Defendants was so reckless or wanting in care that it constituted a conscious disregard and indifference to the rights of the persons exposed to such conduct.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

22. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

23. Ms. Lewis realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above as if set forth hereat in full.

24. At all times material hereto, Ms. Lewis was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

25. At all times material hereto, were each a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

26. At all times material hereto, the Deferred Down Payment Check was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

27. At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

28. As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

    (a) used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692d;

    (b) engaged in a conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(c) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d) made a false representation of the compensation which may be lawfully received by any debt collector of a debt in contravention of 15 U.S.C.§1692e(2)(B)

(e) made a representation or implication that non-payment of a debt will result in the arrest or imprisonment of Ms. Lewis in contravention of 15 U.S.C.§1692e(4);

(f) made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

(g) made a false representation or implication that Ms. Lewis as a consumer committed any crimes or other conduct to disgrace Ms. Lewis as a consumer in contravention of 15 U.S.C.§1692e(7);

(h) made a threat to communicate to any person credit information which is known or which should be known to be false, in contravention of 15 U.S.C.§1692e(8);

(i) failed to disclose in the initial written communication with Ms. Lewis as a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communication that the communication is from a debt collector in contravention of 15 U.S.C.§1693e(11);

(j) used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

(k) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

29. 15 U.S.C. §1692g provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall,

unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a)  The amount of the debt;

(b)  The name of the creditor to whom the debt is owed;

(c)  A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(d)  A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e)  A statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. The Defendants violated the requirements of 15 U.S.C. §1692g by failing to provide Ms. Lewis with a notice of validation rights as required by the FDCPA.

31. As a direct and proximate result of the violation of the FDCPA by the Defendants, Ms. Lewis has been damaged. The damages of Ms. Lewis include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

32. Pursuant to 15 U.S.C. §1692k, Ms. Lewis is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorney's fees.

33. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

34.     Ms. Lewis has retained the undersigned law offices to represent her interest herein and is obligated to pay said law offices a reasonable fee for their services.

WHEREFORE, Plaintiff, Shirell Lewis, an individual, demands judgment against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," John Doe No.'s 1-5, unknown individuals, and John Doe Corporations No.'s 1-5, unknown business entities, for actual and statutory damages, together with interest, costs and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

35.     This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

36.     Ms. Lewis realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above as if set forth hereat in full.

37.     At all times material hereto, the Deferred Down Payment Check constituted a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

38.     At all times material hereto, Ms. Lewis was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

39.     At all times material hereto, United Transactions was a "creditor" as said term is defined under Florida Statutes §559.55(3).

40.     At all times material hereto, Defendants were "debt collectors" as said term is defined under Florida Statute §559.55(6).

41.     As more particularly described above, the Defendants have violated the FCCPA in that the Defendants have:

   (a) Willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Lewis or a member of her family, in contravention of Florida Statute §559.72(7);

   (b) Used willfully abusive language in communicating with Ms. Lewis in contravention of Florida Statute §559.72(8); and

   (c) Claimed, attempted or threatened to enforce a debt when Defendants knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statute §559.72(9).

  42. As a direct and proximate result of the violation of the FCCPA by the Defendants, Ms. Lewis has been damaged. The damages of Ms. Lewis include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

  43. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

  44. Ms. Lewis has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

  45. Pursuant to Florida Statute §559.77, Ms. Lewis is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

  WHEREFORE, Plaintiff, Shirell Lewis, an individual, demands judgment for damages against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," John Doe No.'s 1-5, unknown individuals, and John Doe Corporations No.'s 1-5, unknown business entities, for compensatory, statutory and punitive damages, together with interest, costs and attorney's fees pursuant to Florida Statute §559.77.

## COUNT III - ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. This is an action for damages for intentional infliction of emotional distress brought herein pursuant to the doctrine of pendant jurisdiction.

47. Ms. Lewis realleges and reaffirms the allegations contained in Paragraphs 1 through 21 above as if set forth hereat in full.

48. As more particularly described above, Defendants, through their agents, representatives and employees acting within the scope of their authority, have intentionally inflicted emotional distress on Ms. Lewis for the purpose of attempting to collect the Charge Account.

49. As a direct and proximate result of the intentional infliction of emotional distress by Defendants, Ms. Lewis has been damaged. The damages of Ms. Lewis include, but are not necessarily limited to, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

50. As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

WHEREFORE, Plaintiff, Shirell Lewis, an individual, demands judgment against Defendants, John Doe No.'s 1-5, unknown individuals, and John Doe Corporations No.'s 1-5, unknown business entities, for compensatory and punitive damages, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, Shirell Lewis, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

DATED this 23rd day of April, 2019.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY, ESQ.
Florida Bar No.: 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 763-8660
Facsimile: (954) 763-8607
E-Mails: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com
legalassistant@lawfirmmurphy.com

*Counsel for Plaintiff*